IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY ALLEN POLLY,

      Plaintiff,

v.                            CASE NO. 5:17-cv-211-MCR-GRJ

JASON SMITH, et al.,

      Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

      Plaintiff, an inmate presently confined at Holmes Correctional

Institution, initiated this case by filing a complaint pursuant to 42 U.S.C.

§ 1983 and a motion for leave to proceed as a pauper.  ECF Nos. 1, 2.

Plaintiff's motion is insufficient because he failed to submit a Prisoner

Consent and Financial Certificate.  Because it is clear that the Complaint is

due to be summarily dismissed, the Court will not require Plaintiff to correct

this deficiency.

      The Complaint is before the Court for screening pursuant to 28

U.S.C. § 1915(e).   Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall

dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a

claim upon which relief may be granted; or (iii) seeks monetary relief from a

defendant who is immune from such relief."  For the following reasons, the undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff alleges that he was arrested by Lynn Haven, Florida, police officers in April 2017.  Plaintiff informed the officers that he was a confidential informant (CI) for the local prosecutor.  Plaintiff alleges that the officers unlawfully disclosed to the public that he was a CI by taking out an ad in the local paper.  Plaintiff alleges that he and his family are in danger.  Plaintiff asserts that the officers' actions constitute libel, slander, and invasion of privacy.  For relief, Plaintiff seeks $250,000 in compensatory damages and that his family be moved.

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen*  502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)).  In this case, Plaintiff's claims do not concern any physical injury and therefore he has no claim for compensatory damages.

Moreover, while a Plaintiff who establishes the violation of a federal

constitutional right may be able to recover nominal damages – typically

$1.00 – under some circumstances, such circumstances are not present in

this case.  In any section 1983 action, two essential elements must be

present:

> 1. conduct by a person acting under color of state law; and

> 2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

*Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261

F.3d 1295, 1303 (11th Cir. 2001).

In this case, the rights asserted by Plaintiff—that Defendants libeled

and slandered him and invaded his privacy—arise only under state tort law.

Plaintiff has not asserted that Defendants' actions violated a federal

constitutional right, and the facts alleged do not suggest that Plaintiff could

assert a cognizable federal constitutional claim.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178,

182 (1962), leave to amend "should be freely given."  *See* Fed.R.Civ.P.

15(a).   Under *Foman*, however, a district court may properly deny leave to

amend the complaint when such amendment would be futile. *Foman*, 371

U.S. at 182. Under the facts presented, the Court concludes that

amendment of the Complaint would be futile because amendment would

not cure the deficiency regarding the lack of any factual basis that would

support a claim for even nominal damages under section 1983.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to

proceed as a pauper, ECF No. 2, is **STRICKEN** as deficient.

It is respectfully **RECOMMENDED** that this case should be

dismissed for failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** this 9th day of August 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**